## Commonwealth v. Hotel Harrisburger Corp.

*Allen D. Stuart,* for Commonwealth.

*Christian S. Erb, Jr.,* of Metzger, Wickersham, Krauss & Erb, for garnishee.

LIPSITT, J., November 16, 1971.—The Commonwealth of Pennsylvania, Department of Revenue, Bureau of Taxes for Education, has requested this court to grant a motion for judgment on the pleadings. While the factual situation is not complicated, the determination to be reached is somewhat troublesome because of the nature of the litigation.

The Commonwealth has filed liens against defendant, Hotel Harrisburger Corporation, for unpaid taxes due and owing under the Tax Act of 1963 for Educa-

tion and has issued writs of execution on said liens naming the National Bank and Trust Company of Central Pennsylvania (hereinafter called "National Central") as garnishee to attach all moneys received by the garnishee belonging to and due and owing to the said Hotel Harrisburger Corporation.

Two sets of interrogatories were served upon National Central. In the second set of interrogatories, inter alia, inquiry was made as to whether the garnishee collected money on certain drafts or checks presented for payment to it made payable to the Hotel Harrisburger, Hotel Harrisburger, Incorporated, Hotel Harrisburger Corporation or any other similar names, by whom said drafts or checks were presented for payment, the total amount of money collected, the manner of endorsement and whether National Central received notice of any legal proceedings whereby any such drafts or checks could properly be presented for payment or deposit with endorsement by any person or entity other than the named payee. The checks or drafts attached to the interrogatories showed the endorsement "Pay to the order of Camco Realty Co., Creditor, Hotel Harrisburger" and were marked "For deposit only, Camco Realty Co." The garnishee's answers to these interrogatories acknowledged the receipt of these drafts or checks which totalled $5,041.52. There was no response identifying who presented the paper, no direct answer as to the party or parties making the endorsement other than a reference to the reverse side of the photostatic copies of the checks and drafts attached to the interrogatories and in answer to the question dealing with notice of a legal proceeding, only one legal action was specifically mentioned involving a party other than the Camco Realty Company which is discussed below. Based

upon the interrogatories and the answers, the Commonwealth has asked for judgment against National Central.

The Commonwealth's theory of liability is that National Central is responsible to the Hotel Harrisburger Corporation for cashing checks which were not properly endorsed and that the Commonwealth would be entitled to any judgment against National Central to which the Hotel Harrisburger Corporation would be entitled. It is pointed out that, under Pennsylvania Rule of Civil Procedure 3101(b)(1), any person may be a garnishee if such person owes a debt to a defendant. Thus it is said if there was an obligation due and owing by the National Central to the Hotel Harrisburger Corporation as a consequence of said bank collecting funds on account of checks or drafts payable to defendant without proper endorsement by defendant, then judgment must be entered in favor of plaintiff against the garnishee. It is further noted that both under the Uniform Commercial Code, as reenacted, Act of October 2, 1959, P. L. 1023, sec. 3, 12A PS §3-404, as well as the case law of Pennsylvania both prior to and after the enactment of the Uniform Commercial Code, a collecting bank is liable to a payee for improperly honoring a check without the payee's endorsement: Lindsley et al. v. First National Bank of Philadelphia, 325 Pa. 393 (1937); Ervin v. Dauphin Deposit Trust Co., 84 Dauphin 280 (1965). These cited cases dealt with forged endorsements, but plaintiff submits the legal principle involved is applicable.

The Commonwealth goes on to argue, relative to the endorsement by Camco Realty Company, that there is no established law which would authorize an alleged creditor who comes into possession of checks payable to its debtor to endorse such checks or would

permit an alleged creditor without resorting to a legal procedure or statutory authority to control such property and dispose of it as it sees fit.

The reasoning by the Commonwealth does, indeed, seem sound. The answers of the garnishee are, at best, incomplete. However, the garnishee argues that the wording in the endorsement would not necessarily mean that the checks or drafts were not endorsed by the Hotel Harrisburger Corporation or by a duly authorized agent. Further, in connection with the notice of an action against Hotel Harrisburger, Inc., National Central claims a proceeding by Central Dauphin Realty Company et al. listed to June term, 1969, no. 1602, June term, 1969, writ no. 131, in the Court of Common Pleas of Dauphin County, Pa., does have a bearing in this case and is wholly relevant despite the argument of the Commonwealth that there is nothing to show Central Dauphin Realty Company which appears as the creditor in the legal action has any relationship to Camco Realty Company, the endorser on the checks.

Although the Commonwealth's arguments are, on the surface, convincing, the garnishee must be given at least the opportunity to show that the endorsements were proper and/or the legal proceedings of which it had notice did have a bearing on this case. It is familiar law that a motion for judgment on the pleadings should not be granted where there is doubt or where any issue of fact has been raised. See Pennsylvania Rule of Civil Procedure 1034 and commentary in Goodrich-Amram §1034(b)-1.

Accordingly, we enter the following

ORDER

And now, November 16, 1971, the motion for judgment on the pleadings in favor of the Commonwealth of Pennsylvania and against the National Bank and Trust Company of Central Pennsylvania is denied.